IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2009

Charles R. Fulbruge III
Clerk

———

No. 08-10115
Summary Calendar

———

DELORIS JONES

Plaintiff-Appellant

v.

WAL-MART STORES INC

Defendant-Appellee

———

Appeal from the United States District Court
for the Northern District of Texas, Abilene
No. 1:06-CV-159

———

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Deloris Jones appeals the district court's order granting summary judgment in favor of defendant-appellee Wal-Mart Stores, Inc. on her racial discrimination claim under Title VII of the Civil Rights Act of 1964. For the reasons set forth below, we affirm.

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jones, an African-American woman, worked as a cashier at the Big Spring, Texas location of Wal-Mart Stores, Inc. ("Wal-Mart") from 1995 until her termination on September 30, 2005. Jones's exit interview form states that she was terminated for "WIC violations – excluded amount and limit / pink slips following DOD." Pink slips are reprimand notifications given to Wal-Mart cashiers when their till has a shortage or overage exceeding $5.00. On January 8, 2004, Jones received a "verbal coaching" for receiving three pink slips within the preceding 90-day period. On June 16, 2004, Jones received a "written coaching" because she had received another three pink slips since her verbal coaching. By January 18, 2005, Jones had received yet another three pink slips and was given a "decision-making day" (i.e., the day of decision or "DOD" referenced in the exit interview, which is a day of paid leave for employees to consider their behavior and Wal-Mart's standards). The other event referenced in Jones's exit interview occurred when she allowed a customer to take three gallons of milk in exchange for a WIC voucher that was valid for only two gallons of milk. Thereafter, on September 30, 2005, the director of the Big Spring Wal-Mart decided to terminate Jones's employment.

Jones filed this suit in state court and Wal-Mart removed it to the United States District Court for the Northern District of Texas. Jones alleges disparate treatment insofar as Wal-Mart transferred similarly situated white and Hispanic employees to non-cashier positions rather than terminate them.[1] The district court granted summary judgment in favor of Wal-Mart, finding that Jones had failed to produce any summary judgment evidence showing that she was similarly situated with the Wal-Mart employees at that location who had violated the WIC policy or received pink slips but were not terminated.

[1] Jones also made an age discrimination claim in the district court, but she appealed only the dismissal of her racial discrimination claim.

## II. DISCUSSION

We review a district court's grant of summary judgment de novo. Abarca v. Metro. Transit Auth., 404 F.3d 938, 940 (5th Cir. 2005). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In a Title VII case based on circumstantial evidence, the plaintiff must first establish a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). In order to establish a prima facie case of discrimination in a disparate treatment case, a plaintiff must show that she was: "(1) a member of a protected class; (2) qualified for the position; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated." Abarca, 404 F.3d at 941 (citations omitted). "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the [plaintiff's] burden." Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

The district court found that the first three elements of a disparate treatment claim had been satisfied, but that the fourth had not. Jones recounts her summary judgment evidence on the fourth element as follows: "Jones identified five white employees who had cashier discrepancy [sic]. In place of termination, the white employees were transferred to the floor. She also identified two Hispanic employees who had cashier violations, but not fired." The district court found that this information was insufficient to establish that these other employees were similarly situated. For example, Jones did not show how many pink slips or WIC violations these other employees had in their records. Likewise, she did not show that these other employees had been previously disciplined according to Wal-Mart's detailed "Coaching for Improvement" policy, a tiered system for addressing employee misbehavior that culminates in termination.

An employee is similarly situated if that employee was under "nearly identical" circumstances. Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 514 (5th Cir. 2001). "The conduct at issue is not nearly identical when the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer." Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 221 (5th Cir. 2001). Employees with different disciplinary records are not nearly identical. See Okoye, 245 F.3d at 514-15.

Jones failed to show that the disciplinary records of the non-terminated employees were nearly identical to her record. Instead, her argument on appeal relies solely upon Barnes v. Yellow Freight Systems, Inc., 778 F.2d 1096 (5th Cir. 1985). In Barnes, the plaintiff was a terminated black employee who alleged that similarly situated white employees had only been demoted. Id. at 1097. We described the white employee has having "a similar, if not worse, work record" compared to the plaintiff who had "a good to above-average work history." Id. at 1102. Barnes does not support the plaintiff's argument because she provided no evidence on the other employees' disciplinary records. As such, she has failed to establish the fourth prong of a prima facie case for disparate treatment.

Jones also argues that Wal-Mart's stated reason for her termination was a pretext because the store management did not follow the "Coaching for Improvement" guidelines. She misinterprets Wal-Mart's policy to "negate[] discipline if the shortage is less than $25.00." The policy plainly states that no coaching is necessary if the employee has two slips and the shortage is less than $25.00. However, verbal coaching becomes mandatory after the employee receives three slips regardless of the amount of the shortage. She admits receiving three slips and, therefore, the aggregate amount of her shortage is irrelevant. Accordingly, Jones failed to show that her treatment deviated from Wal-Mart's protocol for reprimanding employees prior to termination and did not

create a genuine material fact of pretext as to Wal-Mart's legitimate, non-discriminatory reason for discharge.

## III. CONCLUSION

For the reasons set forth above, we AFFIRM the district court's grant of summary judgment.